**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RHONDA HORN,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **DAVID STEINER, POSTMASTER** | **NO.  22-3855** |
| **GENERAL, UNITED STATES POSTAL** | |
| **SERVICE,** | |
| **Defendant.** | |

**HODGE, J.**                                                                                                      **May 21, 2026**

**MEMORANDUM**

In this action, pro se Plaintiff Rhonda Horn ("Horn" or "Plaintiff") asserts claims for age

discrimination and hostile work environment under the Age Discrimination in Employment Act of

1967, 29 U.S.C. §§ 621-634 ("ADEA"), against her former employer, David Steiner, Postmaster

General ("Defendant").[1] (ECF No. 2.) Defendant moved for summary judgment on all claims (ECF

No. 48 (the "Motion")) and Plaintiff opposed Defendant's Motion (ECF No. 49 (the "Response")).

For the reasons that follow, Defendant's Motion is granted.

---

[1] Although Plaintiff's complaint named Louis DeJoy as the acting Postmaster General at the time of filing (ECF No. 2), David Steiner has since become Postmaster General. As Defendant notes in his Motion for Summary Judgment, Steiner is automatically substituted for DeJoy pursuant to Federal Rule of Civil Procedure 25(d).

## I.   BACKGROUND

### A.  Factual Background[2]

The following facts are undisputed and supported by the record, as reflected in Defendant's Statement of Material Facts.[3] On May 13, 2019, Plaintiff was hired as a City Carrier Assistant ("CCA") for the United States Postal Service ("USPS") at its East Germantown Station in Philadelphia, Pennsylvania. (ECF No. 48-1 ¶ 1.) Horn was fifty-seven years old when she was hired by USPS and throughout the events underlying this case. (*Id.* ¶ 2.) New CCAs are subject to a ninety-day probationary period during which USPS may terminate the CCA for any nondiscriminatory reason. (*Id.* ¶ 4.) Horn was the only probationary employee at the East Germantown Station during her employment. (*Id.* ¶ 5.)

Upon hiring, new USPS employees are assigned an Employee Identification Number ("EIN") by USPS's Human Resources Department. (*Id.* ¶ 16.) The EIN is necessary to process payment of the employee's salary. (*Id.*) Horn was not immediately assigned an EIN due to an issue with processing her paperwork, which resulted in her not initially being paid for the hours she spent attending orientation and USPS's Carrier Academy training.[4] (*Id.* ¶¶ 17–19.) Once Carlyn Ferebee, manager of the East Germantown Station, received the timecards for Horn's orientation and Carrier Academy training, Ferebee submitted a retroactive salary adjustment to process Horn's payment for the missing hours from her orientation and Carrier Academy training. (*Id.* ¶¶ 11, 20.)

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] While Plaintiff filed her Response and surreply (ECF Nos. 49, 51), she failed to file a separate Statement of Material Facts responding to the numbered paragraphs in Defendant's Statement of Material Facts, as required by this Court's Policies and Procedures. J. Hodge Judicial Policies & Procedures, § III.E. On April 13, 2026, this Court directed Plaintiff to file a Statement of Material Facts responding to each numbered paragraph of Defendant's Statement of Material Facts and to support each of her factual assertions with a citation to a specific portion of the record on or before April 24, 2026. (ECF No. 52.) Plaintiff failed to comply with this Order. Moreover, although Plaintiff's filings contend throughout that she has documents in her possession that prove her

After completing orientation and classroom training, new carriers normally complete three days of training with an On-the-Job Instructor ("OJI"). (*Id.* ¶ 6.) After completing the OJI training, a carrier is usually assigned three hours of "street time" to deliver the mail, which is gradually increased to six hours. (*Id.* ¶ 7.) A new carrier must be able to complete a delivery route in six hours before the end of her 90-day probationary period. (*Id.* ¶ 8.)

Ferebee was fifty years old during Horn's employment with USPS. (*Id.* ¶ 12.) She avers that she did not know Horn's age, and Horn testified during her deposition that Ferebee never mentioned Horn's age. (*Id.* ¶ 13.) Horn's supervisor was Syritta Marshall, who was the Acting Supervisor for East Germantown Station. (*Id.* ¶ 14.) Marshall turned thirty-nine during Horn's employment and avers she also did not know Horn's age during her employment. (*Id.* ¶ 15.)

After Horn completed her orientation and classroom training, she reported to East Germantown Station for her training with an OJI on May 24, 2019. (*Id.* ¶ 9.) After Horn received the scheduled three days of OJI training, she received an additional five days of OJI training because her OJI determined that she was "not ready" after the typical three days of training.[5] (*Id.* ¶ 10.) Upon completion of her eight days of OJI training, Ferebee assigned Horn three hours of

---

various allegations, she fails to cite to any "particular parts of materials in the record" to support these assertions or show that the materials that Defendant cites "do not establish the absence or presence of a genuine dispute" beyond mere conclusory allegations. Fed. R. Civ. P. 56(c)(1); (ECF Nos. 49, 51.) Plaintiff may not evade these requirements merely based on her pro se status. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Therefore, consistent with Rule 56(e)(2) of the Federal Rules of Civil Procedure, Defendant's Statement of Material Facts is deemed undisputed.

[4] In her Response, Horn disputes that she was not immediately assigned an EIN number. However, she does not provide any documentation to support this assertion, which is required to create a dispute of material fact. Fed. R. Civ. P. 56(c).

[5] Horn states that it is false that she was not ready to begin work after three days of OJI training and that she has "documentation in [her] possession that proves this statement is false." (ECF No. 49 at 10.) However, Horn fails to attach this documentation to her Response or to provide a record cite to such documentation. Horn has failed to support that this fact is genuinely disputed pursuant to Federal Rule of Civil Procedure 56(c).

street work and gradually increased that amount to six hours. (*Id.* ¶ 21.) Horn consistently failed to complete her routes in a timely manner and would routinely take far longer than the allotted time.[6] (*Id.* ¶ 22.)[7] Due to Horn's struggles with completing her routes in a timely manner, as required, Ferebee provided Horn with two more days of OJI training to work on her timing issues. (*Id.*¶ 27.)[8] Horn timely completed her routes during those two days of OJI training, but her timing deficiencies resumed when she went back to working alone.[9] (*Id.*¶¶ 28–29.) After Horn's additional OJI training, the OJI told Ferebee that Horn tended to move her car too much while working her route, so Ferebee instructed Horn not to use her personal car on routes. (*Id.* ¶ 30.)

On June 13, 2019, Horn received her thirty-day evaluation from Ferebee which rated Horn's performance as unacceptable.[10] (*Id.* ¶ 31.) On June 26, 27, 28, and 29, Horn failed to deliver

---

[6] Although Horn asserts in her Response that she has "multiple signed PS Form 1260[s] for the days that [she] worked" that apparently show that it is not true that she repeatedly failed to complete her assignments and failed to inform her supervisor of those failures, Horn neglects to actually attach these documents to her Response. (ECF No. 49 at 4.) Therefore, based on the evidence cited by Defendant, the Court accepts Defendant's assertion contained in Paragraph 22 of its Statement of Material Facts as true.

[7] Although Defendant's Statement of Material Facts states that "[m]anagement documented that Horn took over eight hours to deliver routes estimated at five to six hours and counseled her multiple times about performance," the citations to the record that Defendant provides in support of this statement do not specify the amount of time that Horn took to deliver mail to her routes. (ECF No. 48-1 ¶ 23.) Therefore, the Court has not considered this fact for purposes of evaluating this Motion.

[8] Defendant's Statement of Material Facts states that "Marshall and Ferebee regularly counseled Horn on her timing issues in an attempt to improve her performance." (ECF No. 48-1 ¶ 25.) However, the record cite for this statement of fact does not support the statement, so the Court has not considered it.

[9] Although the Response asserts that Ferebee's statements regarding the number of days of training that Horn received are inconsistent (ECF No. 49 at 4), after reviewing the record the Court finds that Ferebee is consistent in her recounting that she gave Horn eight days of training initially, then an additional two days of training after she was struggling to complete her routes, for a total of ten days of OJI training. (ECF No. 48-2 at 247, 340.)

[10] Horn contends in her Response that the June 13, 2019 evaluation was falsified and she has in her possession two different copies of the evaluation that prove this. (ECF No. 49 at 11–12.) However, once again, Horn has failed to provide these documents to the Court, and the Court will not accept Plaintiff's conclusory assertions.

4

her entire assignment of mail and failed to inform anyone in management that she was unable to complete her assignment. (*Id.* ¶ 32.) To address Horn's failure to complete her assignments, Ferebee conducted a pre-disciplinary investigative interview on July 8, 2019. (*Id.* ¶ 33.) Also on July 8, 2019, Horn filed a grievance against Ferebee alleging mistreatment and harassment, which the union and USPS dismissed based on a lack of documentation to prove any violative conduct occurred. (*Id.* ¶¶ 34–35.) On July 9, 2019, Horn received a formal Letter of Warning reprimanding her for unacceptable performance based on her failure to deliver all of her assigned mail June 26 through 29. (*Id.* ¶ 36.) On July 15, 2019, Horn received a sixty-day evaluation from Ferebee assessing her performance as unacceptable. (*Id.* ¶ 37.) Horn's employment was terminated based on her deficient performance on July 26, 2019. (*Id.* ¶ 38.)

### B. Procedural History

On September 29, 2019, Horn filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that USPS discriminated against her based on her age, in violation of the ADEA and Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.* ¶ 39.) On March 22, 2021, the Administrative Judge granted USPS's motion for summary judgment, finding that "the record confirms that the Agency's decisions were based on its determination of how best to effectively manage the workplace and its assessment of Complainant's performance on the job. Nothing in the record demonstrates that the actions were in any way motivated by discriminatory animus." (*Id.* ¶ 41; ECF No. 48-4 at 8.) Horn appealed the Administrative Judge's order to the EEOC's Office of Federal Operations ("OFO"), which affirmed the decision on June 29, 2022. (ECF No. 48-1 ¶ 42; ECF No. 48-5 at 2.) The OFO decision conferred Horn the right to file a civil action within ninety days of the date she received that decision. (ECF No. 48-5 at 5.)

On September 27, 2022, Horn filed her complaint in this Court against Louis DeJoy and the USPS East Germantown Postal Office, claiming violations of the ADEA based on substantially the same conduct as her EEOC complaint. (ECF No. 2.) Specifically, Plaintiff listed the following seven instances of allegedly discriminatory conduct in her complaint:

1. On June 13, 2019 and July 15, 2019, Horn received "falsified and undeserved" performance evaluations from her manager, Ferebee;

2. On unspecified dates, Ferebee talked down to Horn, reprimanded her for things she was not responsible for, followed Horn, and made false accusations against her;

3. Ferebee held back Horn's paycheck for 77 hours;

4. Ferebee denied Horn breaks on unspecified dates;

5. On July 9, 2019, Ferebee falsely accused Horn of delaying mail and issued her a Letter of Warning;

6. On July 16, 2019, Ferebee told Horn that she was not allowed to drive her personal car to deliver mail;

7. Ferebee retaliated against Horn with negative performance evaluations and made false accusations against Horn after Horn filed a grievance; and

8. On July 26, 2019, USPS terminated Horn's employment.

(ECF No. 2 at 3, 14.)

On April 7, 2023, Defendants filed a Partial Motion to Dismiss, arguing that Plaintiff's claims against the East Germantown Post Office and for retaliation under the ADEA should be dismissed. (ECF No. 14.) On January 5, 2024, this Court granted Defendants' Partial Motion to Dismiss. (ECF No. 24.) The remaining Defendant, David Steiner, filed his Motion for Summary Judgment on September 15, 2025. (ECF No. 48.) Horn filed her Response twelve days past this

Court's twenty-eight-day deadline, on October 25, 2025. (ECF No. 50.) Moreover, Plaintiff's Response failed to comply with this Court's Judicial Policies and Procedures by failing to include a Statement of Material Facts responding to each numbered paragraph of Defendant's Statement of Material Facts. This Court ordered Plaintiff to comply with that requirement by filing a Statement of Material Facts on or before April 24, 2026. (ECF No. 52.) Plaintiff has heretofore failed to comply with the Court's order.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion and identifying portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of the moving party may be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the movant has met its initial burden, the non-movant's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-movant fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Under Rule 56,

7

the Court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255.

## III.    DISCUSSION

### A.  Age Discrimination Claim

The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire or [] discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Act limits the protections against age discrimination to persons who are forty years or older. 29 U.S.C. § 631(b).

Age discrimination claims brought under the ADEA without direct evidence of discrimination, as here, are analyzed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Burton v. Teleflex Inc.*, 707 F.3d 417, 425–26 (3d Cir. 2013). Under the *McDonnell Douglas* framework, a plaintiff bears the burden of first establishing a prima facie case of age discrimination. *Id.* at 426.

To establish a prima facie case of age discrimination under the ADEA, Plaintiff must demonstrate that: (1) she is forty years of age or older; (2) she was qualified for the position in question; (3) the defendant took an adverse employment action against her; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *Id.* In cases where, as here, the plaintiff is not directly replaced, "the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

8

Once a plaintiff establishes a prima facie case of age discrimination, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009). If the employer does so, it is then the plaintiff's burden to demonstrate that the employer's stated reason for the adverse action is pretextual. *Id.*

Defendant does not dispute that Horn satisfies the first two elements of her prima facie case—she is over forty years of age and was qualified for the position of CCA. (ECF No. 48 at 14.) Moreover, Defendant concedes that at least some of the conduct that Horn alleges—specifically, (1) non-payment for certain work hours, (2) denial of work breaks, and (3) Horn's termination—would satisfy the third element of a prima facie case, if established by the evidence. (*Id.*) However, Defendant asserts that Horn cannot satisfy the fourth element because she has no evidence that would raise an inference of age discrimination. This Court agrees.

To withstand summary judgment, the non-movant "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) (citing *Celotex*, 477 U.S. at 324). Plaintiff's Response is completely devoid of any allegations, let alone evidence, that Ferebee or Marshall made any comments concerning Plaintiff's age or even indicated that they knew Plaintiff's age. (ECF No. 49; ECF No. 48-1 ¶¶ 13, 15.) Although Plaintiff makes conclusory assertions in her Response that Defendant's Motion contains falsities, Plaintiff fails to support these assertions with any evidence, as required by Federal Rule of Civil Procedure 56. For example, Horn asserts in her Response it is false that she repeatedly failed to complete her assignments and failed to inform her supervisor of those failures. (ECF No. 49 at 4.) In support of this statement, Horn contends that she has "multiple signed PS Form 1260[s] for the days that [she]

worked," but she fails to attach any of these documents to her Response. (*Id.*) Moreover, there is simply no evidence cited by Plaintiff that shows her age was a factor in Defendant's decision to terminate her employment or in any of the other adverse actions that Defendant allegedly took against Horn. Plaintiff's pro se status does not save her claims. Pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Nor can Horn raise an inference of discrimination through evidence of a younger comparator employee who was treated more favorably. Although Horn states in her Response that two younger carriers, Haneef Jackson and Robinson, MD, were involved in the delayed mail deliveries from June 26 through 29, the citations that Plaintiff refers to in support of these statements do not name these individuals, nor do they include their ages. (ECF No. 49 at 15; ECF No. 48-2 at 221, 239.) Nor does Horn point to evidence to show that these individuals were similarly situated, as is required to raise an inference of discrimination. *Willis*, 808 F.3d at 645. Horn also generally asserts there was a younger comparator named Fatima Smith, but the record cite she provides does not give Smith's age or further explain how she was treated differently than Horn. (ECF No. 49 at 16; ECF No. 48-2 at 338.) In short, the record is devoid of any age-related comments or similarly situated younger comparators that could support an inference of age discrimination against Horn. Horn therefore cannot establish a prima facie case of age discrimination. What the record has received in abundance from the Plaintiff is a host of conclusory statements and generalities, none of which withstand a Rule 56 standard of review.

### B. Hostile Work Environment Claim

In addition to her age discrimination claim, Horn alleges that she was harassed based on her age. In order to prove a hostile work environment claim under the ADEA, a plaintiff must

establish (1) that she was intentionally discriminated against because of her age; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected her; (4) the harassment would detrimentally affect a reasonable person in that position; and (5) respondeat superior liability. *Howell v. Millersville Univ. of Pennsylvania*, 283 F. Supp. 3d 309, 332 (E.D. Pa. 2017), *aff'd*, 749 F. App'x 130 (3d Cir. 2018). Horn's claim fails because, as explained *infra*, she cannot prove that she suffered intentional discrimination because of her age. As explained above, Horn has not cited to any evidence that any adverse treatment she suffered was based on her age, or that would even support a reasonable inference that the treatment she suffered resulted from age discrimination. To the contrary, all evidence of Defendant's acts is neutral with respect to Horn's age. Because Plaintiff fails to show any discrimination based on her age, her hostile work environment claim will also be dismissed. *See Howell*, 283 F. Supp. 3d at 333 (dismissing plaintiff's hostile work environment claim because the evidence did not prove that age discrimination motivated any of the adverse actions alleged).

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff has failed to establish a prima facie case of age discrimination or a hostile work environment under the ADEA. Consequently, Defendant is entitled to summary judgment on all Plaintiff's claims. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**